United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RONNY EDUARDO RUIZ CARRILLO, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. H-26-0914
§
MARTIN FRINK, et al., §
§
Respondents. §

## MEMORANDUM OPINION AND ORDER

Ronny Eduardo Ruiz Carrillo ("Petitioner"), a citizen of Venezuela, entered the United States on December 22, 2021.[1] On January 14, 2026, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2) and was issued a Notice to Appear.[2] On February 26, 2026, Petitioner filed an I-589 asylum application, withholding of removal, and withholding of removal under the Convention Against Torture.[3] On March 19, 2026, an immigration judge granted the Government's motion to pretermit the Petitioner's applications for failure to

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, pp. 2-3 ¶¶ 9-10. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, pp. 1-2.

[3]Id. at 2.

establish prima facie eligibility for relief.[4]  Petitioner and the Government waived their right to appeal the immigration judge's decision to pretermit the Petitioner's applications.[5]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the (1) Immigration and Nationality Act, (2) due process, and (3) the Fourth Amendment.[6]

Also pending before the court is Respondents' Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 6). Respondents argue that because Petitioner has a final order of removal he is detained under 8 U.S.C. § 1231(a), not § 1225(b)(2).[7]

Because a "final 'order of removal' is a final order 'concluding that the alien is deportable or ordering deportation,'" the court finds that Petitioner has a final order of removal. Nasrallah v. Barr, 140 S. Ct. 1683, 1691 (2020) (citing 8 U.S.C. § 1101(a)(47)(A)).   Petitioner is therefore being held under § 1231(a), not § 1225(b)(2).  Accordingly, any detention claim under Zadvydas v. Davis, 121 S. Ct. 2491 (2001), is premature because the

---

[4]Id.

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, pp. 4-6.

[7]Respondents' MSJ, Docket Entry No. 6, pp. 1-2; Order of the Immigration Judge, Exhibit 2 to Respondents' MSJ, Docket Entry No. 6-2, p. 3.

Petitioner does not allege or show that he has been detained for more than six months and that "'there is no significant likelihood of removal in the reasonably foreseeable future.'" Mouzqui v. Noem, 2026 WL 607993, at *1 (S.D. Tex. Mar. 4, 2026) (citing Zadvydas, 121 S. Ct. at 2505).[8]

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of April, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[8]Even if his removal order is not final, Petitioner's claims are precluded. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498 (5th Cir. 2026) (holding that § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest); Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003) (holding that "[d]etention during removal proceedings is a constitutionally permissible part of that process"); Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026) (holding that detention under § 1225(b)(2) without a bond hearing does not violate procedural due process); Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026) (holding that the petitioner's Fourth Amendment claim is foreclosed because it relies on the assertion that the Government lacks the authority to detain him under § 1225).